Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>JOSÉ MIGUEL RODRÍGUEZ ROMÁN<br><br>Peticionario | KLCE202401199 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCR201400843<br><br>Sobre: A189/ROBO |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2025.

El señor José Miguel Rodríguez Román presentó un recurso de *Certiorari* ante este foro el 30 de octubre de 2024. Nos pide que ordenemos al Departamento de Corrección y Rehabilitación, en adelante el Departamento, que le concedan bonificaciones por buena conducta, estudio y trabajo a la sentencia emitida en su contra de 14 de julio de 2014. Posteriormente, el 11 de febrero de 2025 presento Moción sobre solicitud de estatus. En la misma y en apretada síntesis solicita el estatus de la reclamación presentada ante este foro. Los hechos que explican la decisión que hoy tomamos se detallan a continuación.

II

Surge del expediente del Tribunal de Primera Instancia que al señor Rodríguez Román efectuó una alegación de culpabilidad el 14 de julio de 2014. A consecuencia de su alegación de responsabilidad el tribunal aceptó lo siguiente en cuanto a los delitos y las penas: Art. 109[2] recomendada una

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-013 efectivo el 6 de febrero de 2025.

[2] Artículo 109. — Agresión grave. (33 L.P.R.A. § 5162) Si la agresión descrita en el Artículo 108 ocasiona una lesión que requiera hospitalización, o tratamiento prolongado, excluyendo las lesiones mutilantes, será sancionada con pena de reclusión por un término fijo de ocho (8) años. Esta modalidad incluye, aquellas en las cuales se transmite una enfermedad, siendo este hecho conocido por el autor. Si la agresión ocasiona una lesión mutilante, será sancionada con pena de reclusión por un término fijo de quince (15) años. Se entenderá como

Número Identificador

RES2025_____

pena de 8 años; Art. 5.05[3] de la Ley de Armas recomendando una pena de 6 meses y 1 día; Art. 189 modificado a Tentativa de Art. 189[4] recomendando una pena de 10 años; Art. 190[5] modificada a Tentativa de Art. 189 recomendado pena de diez años; Art. 157[6] modificada Tent. Art. 157 recomendando una pena de 12.5 años; Art. 157[7] modificada Tent. Art. 157 recomendando una pena de 12.5 años.  En otros casos Art. 189 modificado Tentativa Art. 189 recomendado pena de diez años y Art. 5.04 recomendando

---

lesión mutilante, el ocasionar un daño permanente en cualquier parte del cuerpo a una persona, desfigurar el rostro o inutilizar permanentemente su capacidad para oír, ver o hablar.

[3] Artículo 5.05— Portación y Uso de Armas Blancas. (25 L.P.R.A. § 458d) Toda persona que sin motivo justificado usare contra otra persona, o la sacare, mostrare o usare en la comisión de un delito o su tentativa, manoplas, blackjacks, cachiporras, estrellas de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, arma neumática, punzón, o cualquier instrumento similar que se considere como un arma blanca, incluyendo las hojas de navajas de afeitar de seguridad, garrotes y agujas hipodérmicas, o jeringuillas con agujas o instrumentos similares, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses y un (1) día. Las penas que aquí se establecen serán sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativas a la reclusión, reconocidas en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. Queda excluida de la aplicación de este Artículo, toda persona que posea, porte o conduzca cualquiera de las armas aquí dispuestas en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación, oficio o por condición de salud, incapacidad o indefensión.

[4] Artículo 189. — Robo. (33 L.P.R.A. § 5259) Toda persona que se apropie ilegalmente de bienes muebles pertenecientes a otra, sustrayéndolos de la persona en su inmediata presencia y contra su voluntad, por medio de violencia o intimidación, o inmediatamente después de cometido el hecho emplee violencia o intimidación sobre una persona para retener la cosa apropiada, será sancionada con pena de reclusión por un término fijo de quince (15) años. El tribunal también podrá imponer la pena de restitución. Artículo 36. — Pena de la tentativa. (33 L.P.R.A. § 5049) Toda tentativa de delito grave conlleva una pena igual a la mitad de la pena señalada para el delito consumado, no pudiendo exceder de diez (10) años la pena máxima de la tentativa. Toda tentativa de delito que conlleve una pena de reclusión por un término fijo de noventa y nueve (99) años, conlleva una pena de reclusión por un término fijo de veinte (20) años.

[5] Artículo 190. — Robo agravado. (33 L.P.R.A. § 5260) Será sancionada con pena de reclusión por un término fijo de veinticinco (25) años, si el delito de robo descrito en el Artículo 189 se comete en cualquiera de las siguientes circunstancias: (a) cuando se vale de un menor que no ha cumplido dieciocho (18) años de edad; (b) cuando el bien objeto del delito es un vehículo de motor; (c) cuando en el curso del robo se le inflige daño físico a la víctima; (d) cuando ocurre en un edificio ocupado donde esté la víctima o en cualquier otro lugar donde ésta tenga una expectativa razonable de intimidad; (e) cuando medie el uso de un arma de fuego en la comisión del delito; o (f) cuando la víctima o víctimas sean amarradas, amordazadas o se limite su libertad de movimiento durante la comisión del delito. El tribunal también podrá imponer la pena de restitución.

[6] Artículo 157. — Secuestro. (33 L.P.R.A. § 5223) Toda persona que mediante fuerza, violencia, intimidación, fraude o engaño, sustrae, o retiene y oculta, a otra persona privándola de su libertad será sancionada con pena de reclusión por un término fijo de veinticinco (25) años. Cuando se sustrae a la víctima del lugar en que se encuentre y se mueva del mismo, la sustracción de la víctima debe ser por tiempo o distancia sustancial y no meramente incidental a la comisión de otro delito

[7] Artículo 157. — Secuestro. (33 L.P.R.A. § 5223) Toda persona que mediante fuerza, violencia, intimidación, fraude o engaño, sustrae, o retiene y oculta, a otra persona privándola de su libertad será sancionada con pena de reclusión por un término fijo de veinticinco (25) años. Cuando se sustrae a la víctima del lugar en que se encuentre y se mueva del mismo, la sustracción de la víctima debe ser por tiempo o distancia sustancial y no meramente incidental a la comisión de otro delito

pena cinco años. Esto para un total de pena de dieciocho años y un día de prisión. Como parte del acuerdo se eliminó la reincidencia.

Igualmente surge de la Minuta del 14 de julio que el Ministerio Público ratificó el acuerdo y solicitó enmienda al pliego acusatorio para reflejar el acuerdo. La Minuta señala que el Tribunal tomó la providencia de cerciorarse, por expresión propia del acusado la certeza de la alegación formulada y una vez confirmado acepto la misma por ser conforme a Derecho.

Así las cosas, ese mismo día el foro primario dicto la siguiente sentencia:

> culpable por confesión del delito TENT. ART. 189 CP y lo condena a la pena de DIEZ (10) ANOS DE CARCEL A CUMPLIRSE DE FORMA CONCURRENTE CON LOS CASOS ISCR201400612, ISCR201400614, ISCR201400615, ISCR201400616 Y ISCR201400617 Y CONSECUTIVO CON LOS CASOS ISCR201400613, ISCR201400844, PARA UN TOTAL DE DIECIOCHO (18) ANOS Y UN (1) DIA. LA MISMA SE CUMPLIRA CONSECUTIVA CON CUALQUIER OTRA PENA PENDIENTE DE CUMPLIR SE RELEVA DEL PAGO DEL COMPROBANTE DE LA PENA ESPECIAL. SE ELIMINA REINCIDENCIA. ABONESE TERMINO EN SUMARIA. SE APLICA LA LEY 175 (ADN)." Consta, además, que el señor Rodriguez Román estuvo representado por la Sociedad para la Asistencia Legal y que esté, libre, con conocimiento de la naturaleza del delito imputado y las consecuencias de la alegación, voluntariamente manifestó declararse culpable.

Posteriormente, dicha Sentencia se enmendó conforme la Ley 246-2014 aplicándole una reducción a la Tentativa del articulo 189 a 7 años y 6 meses. No obstante, el 18 de septiembre de 2024, el señor Rodríguez Román compareció al Tribunal de Primera Instancia y solicito, al amparo de la regla 185 (b) la corrección de sus sentencias. Adujo que durante el proceso de formalizar la alegación pre-acordada se le manifestó que las penas por las Leyes de Armas serían consecutivas entre sí, pero que los delitos relacionados con la Ley de Armas se imputarían considerando un arma neumática tomando en consideración que no se había ocupado ninguna pistola ni hubo disparo. Puntualizo que la sentencia nada disponía que bonificaba y eso había agravado el cumplimiento de su pena pues no le bonificaban los días de estudio y trabajo. Arguyo que la Ley de Armas, según enmendada por la

Ley 137 del 2004, ley por la cual alega fue sentenciado disponía que el articulo 5.04 y 5.05 de la Ley de Armas bonificaban.

El 30 de septiembre de 2024 el foro recurrido declaro su petitorio No Ha Lugar. Concluyó que luego de examinar el expediente, incluyendo la minuta del 14 de julio de 2014, y los documentos debidamente completados y firmados por las partes, no surgía de que se hubiese contemplado que el delito de portación y uso de armas fuese a ser modificado para que el arma considerada fuese a ser neumática, como parte del acuerdo.

Inconforme con tal determinación el señor Rodríguez Román comparece ante nos. Aunque no presenta un señalamiento de error su escrito repite lo esbozado ante el foro primario a los efectos de que durante el proceso de formalizar la alegación pre-acordada se le manifestó que las violaciones a la Ley de Armas se imputarían considerando un arma neumática tomando en consideración que no se había ocupado ninguna pistola ni hubo disparo, lo que conforme a la Ley 137 del 2004 le hacía acreedor de bonificaciones por buena conducta, estudio y trabajo. Bonificaciones que el Departamento se negaba a aplicar basándose en su sentencia.

II

Como norma general, una sentencia dictada en casos de convicción por alegación de culpabilidad sólo será revisada mediante la interposición de un recurso de *certiorari*. *Pueblo v. Perez Adorno*, 178 DPR 946, 964 (2010). Así las cosas, la regla 193 de Procedimiento Criminal dispone que las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado en la forma prescrita por las reglas de Procedimiento Criminal. En estos casos, el acusado podrá establecer una apelación para ante el Tribunal de Circuito de Apelaciones, **excepto en los casos de convicción por alegación de culpabilidad**, en los cuales procederá únicamente un recurso de *certiorari*, en cuyo caso el auto será expedido por el Tribunal de Circuito de Apelaciones a su discreción. **La solicitud de *certiorari* deberá presentarse dentro de los treinta (30) días**

**siguientes a la fecha en que la sentencia fue dictada. Este término es jurisdiccional**. ... 34 LPRA Reg. 193.

Por otro lado, las reglas de Procedimiento Criminal permiten la corrección o modificación de la sentencia por errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por inadvertencia u omisión. 34 LPRA Ap. II, Reg. 185 (b).

III

Tomando en consideración lo anterior, puntualizamos que el recurso presentado adolece de un señalamiento de error debidamente fundamentado incluyendo la normativa legal que le sirva de apoyo. No obstante, entendemos que lo que solicita el señor Rodríguez Román es atacar la sentencia emitida en su contra a la luz de ciertos hechos que este alega fueron claves al formalizar la alegación. Hechos que muy bien pudieron haberse cuestionado dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. Recordemos que dicho término es jurisdiccional. No estamos ante un ataque a la legalidad de la sentencia sino a la corrección de la misma a la luz de los hechos. Tampoco estamos ante un error de forma que surja por inadvertencia u omisión. Este tribunal, motu proprio, elevo los autos del foro recurrido y habiendo examinado los mismos no hemos identificado documento que refleje la intención de considerar el arma neumática en la alegación pre-acordada. Notamos que el tribunal sentenciador se aseguró de que la alegación fuese hecha, libre, con conocimiento de la naturaleza del delito imputado y las consecuencias de la misma. Como anticipáramos no podemos, cuestionar la corrección de la sentencia fundamentado el reclamo, únicamente, en hechos que ocurrieron hace 10 años. La regla 185 no sustituye los mecanismos de Apelación y *Certiorari* previstos en las reglas de Procedimiento Criminal. Conforme el argumento presentado la solicitud de *Certiorari* es tardía y este tribunal cuando no tiene jurisdicción lo único que puede es así declararlo y desestimar el recurso. 4 LPRA XXII-B, Reg. 83 (C)(B)(1).

IV

Por los fundamentos antes expuestos se desestima el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones